RAYMOND G. BRESSLER *vs.* BOARD OF TRUSTEES OF STATE COLLEGES.

JULY 24, 1941.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

270

CONDON, J. This bill of complaint is here on complainant's appeal from a decree of the superior court sustaining the respondent's demurrer and dismissing the bill.

Complainant alleges in his bill that he is the president of Rhode Island State College and that the respondent board is a body corporate for purposes of suit. He further alleges that George T. Marsh, Mrs. C. Gordon McLeod, Dr. James F. Rockett, A. Livingston Kelley, Jr., Dr. Reuben C. Bates, John F. Brown and Louis M. Ream are exercising the functions of said board, but that they are doing so illegally because two of their number are ineligible to serve on said board, on account of the fact that, in each case, the member holds another public office, which fact, under the statute creating the board, disqualifies said member; also that the

board as thus constituted is incapable of any legal, enforceable action in the matter of Rhode Island State College.

The bill further alleges that the respondent board is the successor to all the powers, rights, duties, and privileges formerly belonging to the board of regents, which board was authorized to remove for cause officers and persons needed in the administration and work of Rhode Island State College; that the complainant, as an incident of his position as president of said college, has an office and home on the college premises; that the board has threatened to displace the complainant from his office as president without preferring any charges against him, and serving him with notice of such charges, and without a hearing thereon; that the board has publicly stated that complainant has been dismissed; that he has resigned; and that he will not be reappointed.

Complainant finally alleges that said statements of the respondent board are defamatory and are intended to bring shame and disgrace upon him and to have him repudiated as president of the college; further, that the board threatens to divest him of his position as president and to dispossess him of his home and office, and that it is seeking a successor to him as president of the college; that all of such acts and statements of the board are illegal, unwarranted and prejudicial to the complainant in his business, work and profession, and reflect upon his professional character and reputation.

The bill concludes with prayers that the board, as presently constituted, be enjoined from any official action with reference to the college, as far as it may affect the complainant; that the board be enjoined from interfering with complainant in his position as president, and from interfering with his office and home, except in accordance with law; and that the board and the members thereof be restrained from uttering defamatory statements regarding complainant in his capacity as president of the college. The bill also contains a prayer for general relief.

The respondent board demurred to the bill substantially on the following grounds: Vagueness and uncertainty; no property rights of complainant alleged to be in jeopardy to require relief in equity; no equity stated in the bill requiring relief; matters alleged may be remedied fully, adequately and completely at law; matters alleging illegality of title to public office of certain members of the board not subject to collateral inquiry and attack; no power in equity to enjoin allegedly defamatory statements of the board; and that the bill, in paragraphs 4, 5, 6, 7, 9, 12 and 13, states conclusions of law and not allegations of fact.

The complainant, in his brief, has grouped these grounds of respondent's demurrer into three main heads, as follows: I. Complainant has no standing in equity. II. Title to public office cannot be decided in equity. III. Injunctive relief against slander is not proper in equity; and in reply thereto he contends in the same order: I. There is equity in the bill. II. Title to public office may be collaterally determined in equity. III. Injunctive relief as prayed for is not ground for demurrer.

In support of his appeal, the complainant contends that his bill contains seven distinct grounds for equitable relief, any one of which justifies recourse to a court of equity. He sets out these seven grounds in his brief as follows: 1. Equity will enjoin interference with a man's business pursuits. 2. Unlawful interference with contract rights will be enjoined. 3. Prevention of a multiplicity of suits is sufficient for equity to interfere. 4. Equity will protect interests in realty. 5. Illegal acts of state officers will be enjoined. 6. Illegal interference with official duties may be enjoined. 7. Tortious interference with contracts may be enjoined.

We have carefully considered the argument made and the cases cited by complainant in support of each of these grounds under point I and also the grounds under points II and III, and we cannot agree with his contention that the

trial justice erred in sustaining the board's demurrer and dismissing the bill.

Taking up the grounds under point I in the order in which complainant argues them, it is clear that he cannot avail himself of ground 1, as there is no allegation here of interference with his business pursuits. On the contrary, as far as one can glean from the bill, the complainant's basic grievance is that he should not be deprived of his alleged right to continued public employment in the office of president of the state college. It bears no resemblance, as we see it, to the controversy before the court in the case of *American Electrical Works* v. *Varley Duplex Co.*, 26 R. I. 295, cited by complainant.

As to ground 2, even assuming that equity would intervene with a remedy in a controversy involving a contract of public employment, which was subject to the power of an administrative board of the state government to terminate, it nowhere appears in the bill that the complainant has specifically alleged a contract of employment. If such a ground is to be relied on, there should be a specific allegation in the bill as to such contract between complainant and the respondent board, setting out its terms and conditions. The bill is too vague, in our opinion, to warrant an inference of a contract. Moreover, specific allegations in the bill are inconsistent with such an inference, as they appear to allege that complainant holds or is entitled to a public office from which he could be removed only for cause duly found by the respondent board after a hearing on charges against him. The texts of 32 C. J. 187 and 4 Restatement of the Law of torts, § 766, p. 49, cited by complainant, do not, in our opinion, refer to a case similar to the instant case.

Moreover, it should be observed in connection with the above discussion of grounds 1 and 2 that the complainant does not allege that he legally holds the office of president of Rhode Island State College, or that he was duly appointed thereunto, and that such appointment has not legally

expired. He merely states that he occupies the post and that he has done so since December 1930. For aught that appears, it may be that his appointment has expired, or that he was appointed originally to serve at the pleasure of the board, or that he was not duly and legally appointed. A specific allegation of the nature and terms of his employment, whether by appointment to an office or by private contract, which must necessarily be within his knowledge, would reasonably be expected of the complainant in order to enable the respondent board to make proper answer. In the absence of such an allegation, the bill is too vague and indefinite to require an answer on either of the above grounds.

It does not appear from the bill that a multiplicity of suits, in the sense that such expression is usually used as a ground for the interposition of equity, will occur if a remedy in equity is denied. If the complainant is entitled to continue in his office as president of the state college, that matter can readily be decided by some proper proceeding at law which will set at rest all of the other alleged grievances of the complainant.

There is no merit in complainant's fourth ground, that he has alleged in his bill an interest in realty which equity will protect. The bill sets out no such interest. On the contrary, he has alleged at best no more than a mere license incidental to his alleged right to hold the office of president. This is clear from the eighth paragraph of the bill, wherein he alleges: "That as an incident to his position as President of Rhode Island State College, your complainant has an office at the college and maintains and has his home upon the college premises."

Complainant's bill does not state a case under his fifth ground. The allegations of the bill do nothing more than state that the respondent board did not first prefer charges against complainant and give him a hearing before "threatening to displace" him or "to divest" him "of his office and position". Complainant does not even allege that he has

actually been so displaced or divested. Moreover, if he had done so, his bill would not, on this ground, state a good cause in equity. On the contrary, it would raise a question of the right of complainant to hold a public office. Such a question is a political one that is not cognizable in equity but exclusively at law.

The sixth ground, that equity will enjoin illegal interference with official duties, does not appear to inhere in complainant's bill. The allegations therein do not show a case of such illegal interference. First of all, the alleged actions of respondent board upon which complainant relies in support of this ground do not on their face appear as illegal acts. Complainant gains nothing in the way of showing such illegal interference by alleging that the board is illegally constituted because of the alleged disqualification of two of its members. For the purpose of this proceeding the board must be taken to be at least the board *de facto,* and its acts as such board official and legal until judicially found, in a proper proceeding, to be otherwise. Whether or not any of its members are disqualified to serve on such board cannot be collaterally inquired into in the instant proceeding.

For the reasons hereinbefore stated, there is no merit in the complainant's seventh ground, that the respondent board has tortiously interfered with complainant's contract. The complainant has alleged no contract in his bill. If one is implied, it is too vague and uncertain to require an answer. The alleged tortious acts of said board relate to its assumption of authority over the complainant. If it be found that the board acted with authority, its acts cannot be said to be tortious; and whether it did so act for any reason alleged is, as we have said, not cognizable in equity.

The respondent's contentions under points II and III are answered by what we have said above, and neither point need be further considered.

The appeal of the complainant is denied and dismissed; the decree appealed from is affirmed; and the cause is remanded to the superior court for further proceedings.

*Aram A. Arabian,* for complainant.

*John H. Nolan,* Attorney General, *John E. Mullen,* Assistant Attorney General, for respondent.